GIFFORD v. MOHR ET AL.

1. **Bond**: CONSTRUCTION OF: INJUNCTION. An action to enforce a land-lord's lien, aided by attachment, having been instituted against a bank-rupt, certain creditors gave a bond to the assignee to indemnify him against liability on account of an injunction procured by him to be issued to prevent the retention of the property seized under the attachment; the injunction was dissolved and damages adjudged against the assignee; the bankrupt, after the execution of the bond, and pending the injunction proceeding, made a compromise with his creditors, and the property in the hands of the assignee was returned to him: *Held*, that the obligors were liable only for the costs of the injunction proceeding, and not for the damages based upon the value of the goods, for which the assignee should have reimbursed himself from the assets in his possession.

2. ———: ———: EVIDENCE. Evidence showing that the assets in the hands of the assignee after the composition were turned over to the bankrupt without the knowledge of the sureties on the bond, was *held* to be competent.

*Appeal from Iowa Circuit Court.*

THURSDAY, DECEMBER 6.

ACTION at law. The petition alleges that in proper proceedings in the United States District Court J. E. Wilkins, H. E. Gilbert and P. E. Stewart were jointly adjudged bankrupt, and plaintiff was, July 31, 1874, duly appointed assignee of their estate, and qualified as such; that after the adjudication of bankruptcy Barredell Gower brought a suit against the bankrupts to enforce a lien for rent held by him upon certain goods which were seized under an attachment issued in the action; that certain creditors desiring the plaintiff, the assignee, to contest the right of Gower to hold the goods upon his lien, executed a bond to indemnify him against liability on account of an injunction to be issued in order to restrain him from retaining the goods upon an attachment, and upon the delivery of the bond to plaintiff such a proceeding was instituted by him; that the injunction was dissolved and the suit dismissed and judgment was rendered against plaintiff for $562.12 damages and $121.75 costs upon the injunction bond,

which judgment was formally discharged by plaintiff upon payment of $722.47, and that the bankrupts, or one of them, have repaid to him the sum of $121.75 and no more, and no part of the sum remaining unpaid can be realized from the estate of the bankrupts. The plaintiff alleges that the conditions of this bond have been broken, and he claims to recover the sum due and unpaid on account of the advances made by him, as above stated. The bond is in the following language:

"In District Court of the United States,
District of Iowa.
In the matter of J. E. Wilkins, H. E. Gilbert and P. E. Stewart, Bankrupts. In Bankruptcy.

We, the undersigned, hereby acknowledge ourselves indebted to P. W. Gifford in the sum of one thousand dollars, to the payment of which, well and faithfully to be made, we bind ourselves and our heirs firmly by these presents, upon condition, as follows:

Whereas, parties interested in the estate of said bankrupts have requested the said P. W. Gifford, as assignee of said estate, to commence a suit for an injunction restraining Barredell Gower in certain matters relating to the estate of said bankrupts. Now if the said P. W. Gifford shall sustain any loss or damage by reason of commencing the said suit, and he shall be remunerated in full for such loss and damage out of the said estate then this obligation to be void, otherwise to be in full force and virtue.　　　　Christian Mohr,

October 2, 1874.　　　　Philip Mohr."

The answer of defendant admits the allegations in regard to the bankruptcy of Wilkins and others, and the execution of the bond for the purposes and under the circumstances named in the petition. It is alleged, in the answer, that all costs made in this injunction suit have been paid to plaintiff, that plaintiff was ordered, in that suit, to pay over to Gower the money in lieu of the goods affected by the injunction, and that after the execution of the bond plaintiff had money in his possession belonging to the bankrupt estate sufficient to reimburse him against all losses sustained by the injunction pro-

ceeding, and that he neglected and failed to make provision for his own indemnity, and without the consent of defendants delivered to the bankrupts all the assets held by him as assignee, and thereafter the bankrupts became wholly insolvent.

The cause was tried in the court without a jury, and judgment was entered for defendants, from which plaintiff appeals.

*Hubbard, Clark & Deacon,* for appellant.

*Hedges & Alverson,* for appellees.

BECK, J.—I. The testimony introduced upon the trial tended to support the allegations of the pleadings, and upon the facts involved in the issues there was no conflict. It was shown, in addition to the matters set out in the pleadings, that, after the bond in suit had been executed and the injunction proceeding instituted, the bankrupts made a composition with the creditors, and, upon a proper order of the court of bankruptcy, the property constituting the assets held by the plaintiff, as assignee, was delivered to them. The assets consisted of goods and money, greatly exceeding in value the amount paid by plaintiff upon the judgment against him in the injunction proceeding. After the decree in the injunction suit and the payment by plaintiff of the judgment therein rendered against him, Gower recovered judgment in the attachment suit against Wilkins and others. It will be remembered that this was the action, proceedings wherein were restrained by the injunction issued at the suit of plaintiff. The goods attached were, by the judgment of the court, ordered to be sold; but by a subsequent order, upon the defendants in that action filing a stay bond, it was ordered that the property attached should be released. But the evidence shows that long prior to the judgment, and immediately after the issuing of the injunction and in obedience thereto, the goods attached were delivered to plaintiff, or one representing him, and were by him finally, after the composition with bankrupts' creditors, turned over with other assets by plaintiff to the bankrupts.

Testimony was introduced by defendants to the effect that the assets of the bankrupts were turned over to them by plain-

tiff without the knowledge and consent of defendants, and that the bankrupts, at the time of the trial of this cause in the court below, were insolvent, and became so after the composition made with their creditors. This evidence was admitted against plaintiff's objections, which will be hereafter considered.

. No question is raised as to the validity of the decree and judgments in the injunction suit, and of the judgment and orders in the attachment suit brought by Gower.

II. The bond in suit was intended to protect plaintiff against any loss or damage he might sustain on account of the injunction suit, and it provides for reimbursing him for such loss and damage, and nothing more. The language of the instrument is, plainly, to this effect: Whatever loss or damage plaintiff has sustained by reason of the injunction suit, he may recover; this is the limit of his right. What loss or damage did he sustain on account of the injunction suit? The costs adjudged against him, and which he paid or became liable to pay in that action, are the extent of his damage upon the bond. A moment's consideration will make this position plain: The question in the suit involved the liability of the goods seized upon the attachment, to be taken upon Gower's claim for rent. Plaintiff insisted that as assignee of the bankrupt he was entitled to the goods; Gower insisted that he had a valid lien upon them for the rent due him. Gower's claim was sustained, and a judgment rendered against plaintiff for the value of the goods. Plaintiff acquired possession of the goods by means of the injunction, and he held a large quantity of other assets of the estate. All these assets were, by order of the court, upon the composition being effected between the bankrupts and their creditors, delivered to the bankrupts. Now, had those assets not been so delivered, but retained by plaintiff, no loss would have resulted to him, for he would have had an abundance of assets for the payment of the judgment rendered against him. The delivery of the goods to the bankrupts was not the consequence of the injunction suit; the order therefor was not made in that action; it was made in the bankrupt proceeding. Plaintiff could have protected himself against loss in the injunction suit by retain-

1. BOND: construction of: injunction.

ing the assets, or sufficient thereof to pay the amount claimed by Gower and costs of the injunction suit. His delivery of the goods, to that extent, must be regarded as voluntary. We conclude, therefore, that, as defendant's loss, viz., his payment of the judgment in the injunction proceeding, was not a consequence of that suit, but of the voluntary surrender of the goods and money upon the order made by the bankrupt court after the composition with the creditors of the bankrupts, he cannot recover therefor upon the bond.

III. Plaintiff insists that the Circuit Court erred in admitting evidence showing the insolvency of Wilkins and others, and that they became insolvent after the composition with their creditors. We may concede that the evidence is incompetent, but it does not follow that the error requires the reversal of the judgment. Plaintiff's right of recovery did not depend upon the condition of the bankrupts at the time of the trial, or at any other time. The other facts in the case presented a complete defense to the action. Had the testimony in question been excluded, the judgment could not have been different, and had it been different, it would have been so in conflict with the evidence that we would have set it aside on that ground. The admission of the testimony was, therefore, error without prejudice.

IV. Objection is also urged against the ruling of the court admitting testimony to the effect that the assets in the hands 2. ——: ——: of plaintiff were turned over to the bankrupts withevidence. out the knowledge or consent of defendants. We think this evidence competent. Had the defendants assented to plaintiff's act, they would not be heard to say that it was done voluntarily; they would have become a party thereto, and would have been liable to plaintiff. Want of knowledge of the act precludes the conclusion that it was done with the consent of defendants. The evidence, for these reasons, was competent.

V. Plaintiff insists that he is entitled to judgment for the sum of $68.96 if the view we adopt be correct, on the ground that the amount paid by him, less the amount he received from Wilkins, exceeds by that amount the judgment rendered

against him in the injunction suit and the costs of that pro-
ceeding. But this discrepancy is accounted for by the fact
that plaintiff made the payment to the marshal upon an exe-
cution. The costs and fees of the writ undoubtedly increased
the amounts plaintiff paid to the extent of the difference
named. He cannot recover for such costs, for it was his duty
to pay the judgment before an execution issued.

The foregoing discussion covers all points raised in the case.
We find no error in the proceedings of the court below; its
judgment is, therefore,

AFFIRMED.